IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| MARC HARDESTY, | CV 11–103–M–DWM–JCL |
| Plaintiff, | |
| v. | ORDER |
| GLENN BARCUS, in his individual and official capacities; COL. MICHAEL TOOLEY, in his individual and official capacities; MONTANA HIGHWAY PATROL; and JOHN DOES 1–25, in their individual and official capacities; | |
| Defendants. | |

Plaintiff Marc Hardesty filed this lawsuit against the defendants, alleging that Trooper Glenn Barcus used excessive force against him. All three defendants move to dismiss. Magistrate Judge Lynch recommends granting the Montana Highway Patrol's motion to dismiss, denying Trooper Barcus's motion, and

granting in part and denying in part Colonel Tooley's motion. Having reviewed Trooper Barcus's and Colonel Tooley's objections, the Court agrees with Judge Lynch and adopts his Findings and Recommendation in full.

## BACKGROUND

This matter was referred to Judge Lynch under 28 U.S.C. § 636(b). Judge Lynch issued his Findings and Recommendation on January 20, 2012.

Judge Lynch recommends dismissing the complaint as to the Montana Highway Patrol on the basis of eleventh amendment sovereign immunity. Judge Lynch recommends, though, that the complaint not be dismissed as to Trooper Barcus or Colonel Tooley. He recommends that the Court allow Mr. Hardesty to proceed with his state law claims against them.

Trooper Barcus and Colonel Tooley timely objected to Judge Lynch's Findings and Recommendation. They are therefore entitled to de novo review of the specified findings or recommendations to which they object. 28 U.S.C. § 636(b)(1). The Court reviews portions of the Findings and Recommendation not specifically objected to for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Since the parties are familiar with the facts of this case, they are restated here only as necessary to explain the Court's decision.

## DISCUSSION

The only portion of the Findings and Recommendations to which Trooper Barcus and Colonel Tooley object is the recommendation that the Court allow Mr. Hardesty to go forward with his state law claims. Trooper Barcus and Colonel Tooley present two arguments. First, they argue that they cannot be named as defendants. More specifically, they argue that if a plaintiff has a tort claim against a state employee for actions that the employee took in the course and scope of his employment, then the State is the only proper defendant. Second, they argue that they are entitled to immunity under Montana Code Annotated § 2–9–305(5).

**I.  State employees as defendants**

Trooper Barcus and Colonel Tooley argue that the only proper defendant for the state-law claims is the State of Montana. Not so.

As Trooper Barcus and Colonel Tooley correctly observe, "Every governmental entity is subject to liability for its torts and those of its employees acting within the scope of their employment or duties . . . ." Mont. Code Ann. § 2–9–102. But that does not imply that *only* governmental entities are subject to liability. State employees may also be individually liable and named as defendants. Indeed, one of the very purposes of Montana Code Annotated § 2–9–305 is to "provide for the . . . defense . . . and indemnification of public officers and

3

employees civilly sued for their actions taken within the course and scope of their employment." Mont. Code Ann. § 2–9–305(1). Trooper Barcus and Colonel Tooley's claim that only the State can be named as a defendant would nullify Section 2–9–305, which expressly contemplates lawsuits against state employees.

More importantly, there is simply no authority that supports Trooper Barcus and Colonel Tooley's theory that a plaintiff can sue only the State for a state employee's torts.

## II. State employee immunity

While a plaintiff may generally sue a state employee, Montana Code Annotated § 2–9–305(5) immunizes employees from liability if certain conditions are met:

> Recovery against a governmental entity under the provisions of parts 1 through 3 of this chapter constitutes a complete bar to any action or recovery of damages by the claimant, by reason of the same subject matter, against the employee whose negligence or wrongful act, error, omission, or other actionable conduct gave rise to the claim. In an action against a governmental entity, the employee whose conduct gave rise to the suit is immune from liability by reasons of the same subject matter if the governmental entity acknowledges or is bound by a judicial determination that the conduct upon which the claim is brought arises out of the course and scope of the employee's employment, unless the claim constitutes an exclusion provided in subsections (6)(b) through (6)(d).

Mont. Code Ann. § 2–9–305(5). The second sentence, and not the first, is

applicable here. It sets out two requirements that must be met in order for immunity to attach: (1) the plaintiff must name a governmental entity as a defendant and (2) the governmental entity must acknowledge, or be bound by a judicial determination, that the employee's conduct arose out of the course and scope of the employee's employment. *Id.*

Most of the cases discussing Section 2–9–305(5) have given more attention to the second condition rather than the first. *See e.g. Polesky v. Morrison*, 2009 WL 117365 at *2, *9–*10 (D. Mont. Jan. 16, 2009); *Peschel v. City of Missoula*, 2008 WL 5131369 at *8–*10 (D. Mont. Dec. 5, 2008); *Kiely Const., LLC v. City of Red Lodge*, 57 P.3d 836, 852–55 (Mont. 2002); *Gerber v. Commr. of Ins.*, 786 P.2d 1199, 1200–01 (Mont. 1990). But this Court and the Montana Supreme Court have both acknowledged that the first condition—that the plaintiff name a governmental entity as a defendant—must be satisfied in order for immunity to attach. *See e.g. Peschel v. City of Missoula*, 2009 WL 902438 at *11 (D. Mont. March 27, 2009); *Peschel*, 2008 WL 5131369 at *9; *Kenyon v. Stillwater Co.*, 835 P.2d 742, 147 (Mont. 1992), *overruled on other grounds*, *Heiat v. E. Mont. College*, 912 P.2d 787 (Mont. 1996).

This case requires the Court to take a closer look at the first condition and resolve the following question: If a plaintiff initially names a governmental entity

5

as a defendant, is that entity still a named defendant for purposes of Section 2–9–305(5) when the complaint against it is dismissed on the basis of eleventh amendment sovereign immunity? The answer to that question is "no."

Judge Lynch correctly concluded that a governmental entity is not a named defendant if the complaint against it has been dismissed on the basis of sovereign immunity. As a result, state employees may not subsequently assert statutory immunity under Section 2–9–305(5) after a governmental employee successfully asserts eleventh amendment sovereign immunity.

This conclusion preserves the fundamental purpose of Section 2–9–305(5): "to prevent a plaintiff from recovering from *both* the governmental entity and the individuals acting on behalf of that entity for the same conduct . . . ." *Kiely Const.*, 57 P.3d at 854–55. Once the complaint has been dismissed as to the governmental entity, there is no longer a danger of double recovery. The concerns expressed in Section 2–9–305(5) no longer apply.

Since Montana Highway Patrol has been dismissed on the basis of eleventh amendment sovereign immunity, this lawsuit is not one against a "governmental entity." *See* Mont. Code Ann. § 2–9–305(5). But Section 2–9–305(4) might

as a defendant, is that entity still a named defendant for purposes of Section 2–9–305(5) when the complaint against it is dismissed on the basis of eleventh amendment sovereign immunity? The answer to that question is "no."

Judge Lynch correctly concluded that a governmental entity is not a named defendant if the complaint against it has been dismissed on the basis of sovereign immunity. As a result, state employees may not subsequently assert statutory immunity under Section 2–9–305(5) after a governmental employee successfully asserts eleventh amendment sovereign immunity.

This conclusion preserves the fundamental purpose of Section 2–9–305(5): "to prevent a plaintiff from recovering from *both* the governmental entity and the individuals acting on behalf of that entity for the same conduct . . . ." *Kiely Const.*, 57 P.3d at 854–55. Once the complaint has been dismissed as to the governmental entity, there is no longer a danger of double recovery. The concerns expressed in Section 2–9–305(5) no longer apply.

Since Montana Highway Patrol has been dismissed on the basis of eleventh amendment sovereign immunity, this lawsuit is not one against a "governmental entity." *See* Mont. Code Ann. § 2–9–305(5). But Section 2–9–305(4) might

apply.[1] As Judge Lynch explained, that section might require the State of Montana to indemnify Trooper Barcus and Colonel Tooley.

The Court finds no clear error in the portions of Judge Lynch's Findings and Recommendations to which Trooper Barcus and Colonel Tooley do not object. Specifically, it finds no clear error in Judge Lynch's conclusion that the state-law claims against Colonel Tooley, in his official capacity, must be dismissed. Nor does it find clear error in Judge Lynch's recommendation that the Montana Highway Patrol be dismissed under the Eleventh Amendment.

IT IS ORDERED that the Court adopts Judge Lynch's Findings and Recommendations (dkt # 39) in full.

IT IS FURTHER ORDERED that the Montana Highway Patrol's motion to dismiss (dkt # 31) is GRANTED. The Montana Highway Patrol is dismissed from this lawsuit.

IT IS FURTHER ORDERED that Trooper Glen Barcus's motion to dismiss (dkt # 29) is DENIED.

---

[1] Montana Code Annotated § 2–9–305(4) provides:

In any noncriminal action in which a governmental entity employee is a party defendant, the employee must be indemnified by the employer for any money judgments or legal expenses, including attorney fees either incurred by the employee or awarded to the claimant, or both, to which the employee may be subject as a result of the suit unless the employee's conduct falls within the exclusions provided in subsection (6).

IT IS FURTHER ORDERED that Colonel Michael Tooley's motion to dismiss (dkt # 33) is GRANTED IN PART and DENIED IN PART. Colonel Tooley's motion is GRANTED as to Marc Hardesty's state-law claims against Colonel Michael Tooley in his official capacity. Those claims are DISMISSED. The motion to dismiss is DENIED in all other respects.

Dated this 5th day of March 2012.

DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT