# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### MISSOULA DIVISION

_____

MARC HARDESTY,

        Plaintiff,

    vs.

GLEN BARCUS, in his individual
and official capacities, COL.
MICHAEL TOOLEY, in his individual
and official capacities, MONTANA
HIGHWAY PATROL, and JOHN
DOES 1-25, in their individual and
official capacities,

        Defendants.

CV 11-103-M-DWM-JCL

ORDER

_____

      Defendant Glen Barcus has moved to strike the following videotaped

depositions noticed and taken by Plaintiff Marc Hardesty: (1) Captain Mike

Reddick; (2) Col. Tooley; (3) Sergeant Steve Lavin; (4) Dustin Anderson; (5)

Deputy Brian Heino; (6) Dr. Wihera, and; (7) Chief Mark Muir.[1]  Defendant

argues these depositions were conducted in violation of Rules 28, 30, and 32 of

_____

[1]  The undersigned has entered findings and a recommendation that the
claims against Col. Tooley and the Montana Highway Patrol be dismissed.  Thus,
the motion to strike is denied as moot as to Col. Tooley and the Montana Highway
Patrol, subject to renewal in the event the undersigned's recommendation is not
adopted.

the Federal Rules of Civil Procedure.

Plaintiff used essentially the same procedure at all seven depositions. He hired notaries to operate the digital video camera and act as deposition officers under Rule 28. As officers, the notaries were also tasked with performing the various duties set forth in Rule 30(b)(5). Those duties included administering the oath, and making certain on-the-record statements "at the beginning of each unit of the recording medium" and at the end of the deposition. Fed. R. Civ. P. 30(c)(1), (b)(5)(A)-(C). The officers were also obligated by Rule 30 to avoid distortion of "[t]he deponent's and attorney's appearance or demeanor" through recording techniques, set forth any stipulations by the attorneys, "certify in writing that the witness was duly sworn and that the deposition accurately recorded the witnesses's testimony," and retain a copy of the recording of a deposition. Fed. R. Civ. P. 30(b)&(f).

Defendant maintains that the notaries Plaintiff hired were not qualified to

act as Rule 28 deposition officers because they had no special training and were not familiar with their duties under Rule 30.[2] In particular, Defendant claims that

---

[2] Defendant also argues that the notaries were actually "employees" of Plaintiff's counsel and thus disqualified from acting as deposition officials under Rule 28(c). According to Plaintiff's counsel, however, all of the notaries were

the notary before whom the depositions of Captain Mike Reddick and Colonel Michael Tooley were taken failed to make the requisite on-the-record statements, and "did not provide an accurate recording of the deposition, as Plaintiff's counsel's video camera malfunctioned at the end of the second video unit." Dkt. 78, at 5. Likewise, Defendant maintains that the notary recording Chief Mark Muir's and Sergeant Steve Lavin's depositions incorrectly administered the oath, did not make the requisite on-the-record statements, was unable to continue without help from Plaintiff's counsel when counsel's video camera malfunctioned, and never obtained copies of the depositions. According to Defendant, "[s]imilar deficiencies occurred during the depositions of Dustin Anderson and Deputy Brian Heino in Kalispell."[3] Dkt. 78, at 6.

Even assuming the notaries were qualified officers under Rule 28 and adequately discharged their Rule 30(b) duties, Defendant argues the disputed depositions should be stricken on the additional grounds that the notaries did not certify the depositions as required by Rule 30(f)(1), and did not give the deponents

employed elsewhere and he simply hired them to act as officers at one or more of the disputed depositions. Defendant does not point to any evidence to the contrary, and has not shown that the notaries were "employed by" Plaintiff's attorney as contemplated by Rule 28.

[3] Defendant makes no specific argument as to the qualifications of the notary who acted as the Rule 28 officer at Dr. Wihera's deposition.

the opportunity to review their depositions as required by Rule 30(e). In fact, Defendant maintains it would have been impossible for the notaries to "perform these duties because Plaintiff's counsel took the video camera with them at the conclusion of the depositions and never provided the notaries access to the original depositions." Dkt. 78, at 7.

This relates to Defendant's final argument, which is that the deposition records were improperly handled because the notaries did not retain a copy of the recordings as required by Rule 30(b)(3), and Plaintiff's counsel did not store the recordings "under conditions that [would] protect it against loss, destruction, tampering, or deterioration" as required by Rule 30(f)(1). Defendant points out, for example, that when "Plaintiff's counsel finally delivered some of the depositions on an external hard drive," several lengthy segments were missing from the video of Muir's deposition. Dkt. 78, at 8. Defendant maintains that the record Plaintiffs created at these seven depositions "has been distorted by improper recording and handling," and asks that the depositions be stricken accordingly.

Plaintiff's response is threefold. First, he argues that this Court does not have the authority to strike a deposition. Second, he argues the notaries he hired were qualified to serve as officers under Rule 28 and the "infirmities identified by

the Defendant[] are either incorrect or easily corrected." Dkt. 99, at 2. Finally,

Plaintiff maintains that Defendant has not identified any substantive deficiencies

and his motion to strike "represents the ultimate elevation of form over

substance." Dkt. 99, at 4.

Plaintiff's first argument is clearly misplaced. Plaintiff maintains there is no

rule that provides for striking depositions and takes the position that Rule 32

governs his use of the depositions at trial. It is well-established, however, that the

district court "is given broad discretion in supervising the pretrial phase of

litigation" and has the inherent power to control its own docket. *Johnson v.*

*Mammoth Recreations, Inc.,* 975 F.2d 604, 607 (9th Cir. 1992). See also *Ready*

*Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010). This includes

the power to make in limine rulings and to strike materials from the record. See

e.g. *Drumm v. Morningstar, Inc.*, 2009 WL 3514421 *2 (N.D. Cal. 2009); *Reyes v.*

*City of Glendale*, 2009 WL 2579614 * 10 (C.D. Cal. 2009).

While it is within this Court's inherent authority to strike the disputed

depositions, whether it is appropriate to do so here is better left to the discretion of

the trial judge. As it now stands, the disputed depositions are those of non-party

witnesses which may be used for purposes of impeachment or perpetuation – the

latter appearing unlikely under the circumstances. Consequently, it is not yet clear

if, and what portions, of these seven depositions Plaintiff will seek to use for impeachment at trial, if any. Once that becomes clear, the presiding judge will be in the best position to determine, in the exercise of his discretion, whether or not a particular portion of a disputed deposition may be used. Accordingly,

IT IS ORDERED that Defendants' Motion for Protective Order is DENIED, subject to renewal at the final pretrial conference and the time of trial.

DATED this 26th day of November, 2012.

Jeremiah C. Lynch
United States Magistrate Judge